UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

RONI ZAHAVI-BRUNNER,

                     *Plaintiff,*

                                                  ***COMPLAINT AND JURY DEMAND***

                                                  *Plaintiff demands trial by jury.*

    -against-

MARRIOT INTERNATIONAL, INC.,

                     *Defendants.*
-------------------------------------------------------------------------------X

        Plaintiff RONI ZAHAVI-BRUNNER by her attorneys HAICKEN LAW PLLC as and for her Complaint against MARRIOT INTERNATIONAL, INC., alleges that at all relevant times hereinafter mentioned:

        1.      Plaintiff RONI ZAHAVI-BRUNNER ("Plaintiff,") is a citizen of the State of New York and resides in Kings County.

        2.      Defendant MARRIOT INTERNATIONAL, INC. ("Marriot,") was and is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 7750 Wisconsin Ave., Bethesda, MD 20814.

        3.      Defendant Marriot is authorized to and is doing business in the State of New York.

        4.      The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

        5.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) (2).

5. By virtue of diversity of citizenship of the parties and the amount in controversy, this Court has subject matter jurisdiction.

6. This is an action by Plaintiff to recover for serious injuries she sustained at the New York Marriot Hotel at the Brooklyn Bridge located at 333 Adams Street in Brooklyn (the "Hotel,") where she was peacefully protesting in an event space (the "Event Space.") during a Council of Institutional Investors conference on September 11, 2024, as a result of the negligent conduct of the security personnel threat.

7. At all times hereinafter mentioned, Marriot owned the Hotel, including the Event Space.

8. At all times hereinafter mentioned, Marriot operated the Hotel including the Event Space.

9. At all times hereinafter mentioned, Marriot managed the Hotel including the Event Space.

10. At all times hereinafter mentioned, Marriot controlled the Hotel including the Event Space.

11. A security guard named David (last name presently unknown) was an employee, agent, servant and/or contractor of CII.

12. David was an employee, agent, servant, contractor, and/or sub-contractor of Marriot.

13. On or about September 11, 2024, David was acting within the scope of his employment with Marriot.

14. On or about September 11, 2024, David was authorized by Marriot to perform security duties at the Hotel and/or the Event Space.

15.  On or about September 11, 2024, David was present at the Event Space.

16.  On or about September 11, 2024, David was working at the Event Space.

17.  On or about September 11, 2024, David negligently ejected Plaintiff from the Event Space by slamming Plaintiff's chest and shoulder into a closed metal door for several seconds.

18.  As a result of the occurrence, Plaintiff sustained a displaced, fractured clavicle, which required her to undergo an open reduction with internal fixation surgery, and other severe and painful personal injuries; sustained great physical pain; was prevented from engaging in her usual occupation for a period of time; and will continue to suffer similar damages in the future.

19.  The injuries resulting to Plaintiff were due to the conduct of Defendant Marriot, without any culpable conduct on the part of Plaintiff contributing thereto.

20.  This action falls within one or more of the exceptions of NY CPLR § 1602, including but not limited to CPLR. § 1602(5) § 1602(7) and § 1602(11).

FIRST CAUSE OF ACTION
NEGLIGENT SECURITY

21.  On the date and location set forth above, Defendant Marriot had the duty and obligation to keep and maintain the Hotel and the Event Space in a safe condition, and particularly to guard those present at the Hotel and the Event Space, including Plaintiff, against foreseeable acts of harm by others present at the Hotel and the Event Space, including their own employees, agents, and contractors.

22.  On the date and location set forth above, Marriot had the duty and obligation to protect their guests and visitors, including Plaintiff, from actions by other persons which it had reasonable cause to anticipate were likely to endanger the safety of their patrons and visitors.

23.  On the date and location set forth above, Marriot, and its agents, servants

and/or employees, knew or should have known that the David was prone to negligently using excessive force in the course of his employment, and disregarded their duty to protect Plaintiff from harm by David.

24. Defendant Marriot negligently disregarded duty and obligation to those present at the hotel, including Plaintiff, to guard them against foreseeable harmful negligent acts of others present at the hotel, thereby causing plaintiff to suffer the severe physical and psychological injuries and other damages hereafter alleged.

25. On the date and location set forth above, Marriot, its agents, servants, contractors, sub-contractors and/or employees observed David slamming Plaintiff's body into a door for several seconds, while ejecting her from the Event Space, and failed to intervene, thereby negligently disregarding their duty and obligation to protect

26. Defendants, their agents, servants and/or employees were negligent in failing to maintain the Hotel and Event Space in a reasonably safe condition for those present at the Hotel and Event Space, including Plaintiff, in that they caused and permitted David to work at the hotel and/or the Event Space; failed to provide adequate security for Plaintiff; failed to warn Plaintiff of the danger; and failed to take reasonable and proper steps to safeguard Plaintiff.

27. This failure to secure and protect Plaintiff caused her to suffer the severe physical and psychological injuries and other damages hereafter alleged. As a result of the foregoing, Plaintiff was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained great physical pain; was prevented from engaging in her usual occupation for a period of time; and, as her injuries are of a permanent nature, she will continue to suffer similar damages in the future.

28. As a result of the occurrence, Plaintiff was seriously, severely and permanently injured and disabled and has been required to obtain extensive medical care and has incurred

5

expenses for care and treatment.

29. The injuries resulting to Plaintiff were due to the conduct of Defendants without any culpable conduct on the part of the plaintiff contributing thereto.

30. This action falls within one or more of the exceptions of CPLR § 1602, including but not limited to CPLR. § 1602(7) and § 1602(11).

SECOND CAUSE OF ACTION
NEGLIGENT HIRING, RETENTION, SUPERVISION AND CONTROL

31. Plaintiff repeats and realleges each and every allegation set forth above as though set forth herein at length.

32. That at all relevant times herein, Marriot was negligent in failing to properly screen, hire, supervise, retain, and/or train David and/or his employer.

33. That at all relevant times herein, Marriot knew or had reason to know of the unfitness, incompetence and/or dangerous attributes of its agents, servants, contractors, and/or employees, including David, and Marriot could reasonably have foreseen that those qualities created a risk of harm to other persons, including to Plaintiff.

34. That on the date and location set forth above, David negligently used excessive force to eject Plaintiff from the Event Space, thereby causing her to sustain severe and permanent injuries.

35. On the date and location set forth above, Marriot, its agents, servants and/or employees, observed David slamming Plaintiff's body into a door for several seconds, while ejecting her from the Event Space, and failed to intervene, thereby negligently disregarding their duty and obligation to protect Plaintiff. This failure to secure and protect Plaintiff caused her to suffer the severe physical injuries and other damages hereafter alleged.

36. That the aforesaid conduct by Defendant Marriot was without the consent of the

Plaintiff.

37. That the aforesaid conduct by Defendant placed Plaintiff in imminent apprehension of harmful contact.

38. The injuries resulting to the Plaintiff were due to the conduct of Defendant without any culpable conduct on the part of the plaintiff contributing thereto.

39. As a direct and proximate result of the negligence of Defendants, their employees, agents and/or servants, Plaintiff was caused to suffer serious and permanent personal injuries.

40. Plaintiff's injuries were proximately caused by the negligence of Defendants, their employees, agents, and/or servants, without any negligence, want of care, or assumption of the risk on the part of Plaintiff contributing thereto.

41. This action falls within one or more of the exceptions set forth in CPLR §1602 in that Defendant had a non-delegable duty to maintain the premises in a safe manner.

42. This action falls within one or more of the exceptions of CPLR § 1602, including but not limited to CPLR. § 1602(5), § 1602(7), and § 1602(11).

43. By reason of the foregoing, Plaintiff sustained severe injuries and damages, including but not limited to injury to her shoulder and clavicle, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish great physical and emotional upset all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, all to her great damage.

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial

by jury in this action of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court grant relief as follows:

awarding damages to Plaintiff RONI ZAHAVI-BRUNNER, on the First and Second Causes of Action, for past and future medical expenses, personal injuries, pain and suffering, and the costs of this action; and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
      November 25, 2024

                      Yours, etc.,

                      *Matthew Haicken*

                      BY: MATTHEW HAICKEN, ESQ. (MH2990)
                      Attorney for Plaintiff
                      11 Broadway, Suite 615
                      New York, New York 10004
                      (212) 529-8326

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
RONI ZAHAVI-BRUNNER,

                              *Plaintiff,*

   -against-

MARRIOT INTERNATIONAL, INC.

                             *Defendant.*
-------------------------------------------------------------------------------X

---

**COMPLAINT AND JURY DEMAND**

---

Yours, etc.,

HAICKEN LAW PLLC
Attorneys for Plaintiff
11 Broadway, Suite 615
New York, New York 10004
212-LAW-TEAM/212-529-8326